SURÍS, PETITIONER, *v.* HERNÁNDEZ, SECRETARY OF THE SUPREME COURT, RESPONDENT.

APPLICATION for a Writ of *Mandamus* to the Secretary of the Supreme Court of Porto Rico relative to certification of a transcript of record in a case on appeal to the Supreme Court of the United States.

No. 145.—Decided June 8, 1914.

TRANSCRIPT OF RECORD—CERTIFICATION BY SECRETARY OF SUPREME COURT—COPY PREPARED BY ATTORNEY—FEES.—The Act of March 12, 1908, fixing certain fees, applies to a copy of the transcript of the record certified to by the secretary of the Supreme Court in a case on appeal to the Supreme Court of the United States, and, in accordance therewith, the said official should collect fifteen cents for each 100 words and fifty cents for the certificate, and the fact that the transcript of the record was prepared by the attorney does not exempt him from the payment of the whole of said fees.

The facts are stated in the opinion.

*Mr. Fernando Vázquez* for the petitioner.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the present petition for a writ of *mandamus* the petitioner, Juan Surís Cardona, alleges that in an appeal which he is taking to the Supreme Court of the United States from a judgment rendered by this court he prepared a transcript

of the record for the appeal and delivered it to the secretary of the Supreme Court of Porto Rico to be certified to and sent up to the appellate court by him, but that the said official has refused to certify the said document unless he is paid the sum of $36.50 in internal revenue stamps to be attached to the transcript, and that as the petitioner understands that the secretary has no authority to exact the payment of said fees, but perhaps at the most to collect fifty cents, he prays that we issue a peremptory writ of *mandamus* commanding the secretary to certify to the transcript without fees, or charging only fifty cents.

The ground of the petition is that the Act of March 12, 1908, entitled "An Act to fix certain fees," is not applicable to this case.

The said act, which is to be found on page 144 of the Acts of 1908, provides "That in all cases where no other fees are fixed by law, the following amount shall be collected:" and farther on that for every certified copy of an official document or record issued by any department, bureau or branch of the Insular Government, or by any court, fifteen cents shall be paid for every one hundred words and fifty cents for the certificate of the officer issuing the same.

The question raised in this case is not that the amount charged is excessive but that the charge is unlawful except perhaps as to the amount of fifty cents, and as there is no other act regulating the collection of fees by the secretary of this court, the question to be decided is whether or not the said act is applicable to certificates issued by the secretary of this court.

Although it is true that there is no law authorizing the officers of this court to collect fees for their services in the performance of their official duties in matters brought before this court, nevertheless the act cited applies generally to the departments of the Insular Government and to all courts in requiring that certain fees shall be collected for certified copies of official documents or records issued; therefore it

is the duty of the secretary of this court to exact the fees specified in the said act for such certified copies as he may issue.

The fact that the transcript was not prepared by the secretary or by his employees but by the attorney for the petitioner does not exempt the latter from the payment of the fees inasmuch as the law makes no distinction as to the person who may prepare the document to be certified, as was held by us in the case of *Vidal* v. *Marrero* on April 14, 1914.

The writ of *mandamus* should be denied.

*Petition denied.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.